07/24/2007 15:39 FAX 510037_3507    Case 4:96-cr-40149-SBA   Document 42   Filed 07/31/07   Page 1 of 10
FED PUBLIC DEFENDER    → OAK US ATTY    ☒002

JUL-24-2007  13:53                                                                      P.02

1 | SCOTT N. SCHOOLS (SCBN 9990)
  | United States Attorney
2 |
  | W. DOUGLAS SPRAGUE (CSBN 202121)
3 | Chief, Criminal Division
4 | STEPHEN G. CORRIGAN (MASBN 100560)
  | Assistant United States Attorney
5 |
  | 1301 Clay Street Suite 340S
6 | Oakland, California 94612
  | Telephone: (510) 637-3701
7 | Fax: (510) 637-3724
  | E-mail: stephen.corrigan@usdoj.gov
8 |
  | Attorneys for Plaintiff
9 |

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                          OAKLAND DIVISION

13
   UNITED STATES OF AMERICA,          )       No. CR 96-401491 SBA
14                                     )
         Plaintiff,                    )
15                                     )       STIPULATION AND [PROPOSED]
         v.                            )       ORDER FOR CONTINUANCE AND
16                                     )       EXCLUSION OF TIME UNDER THE
   SALVADOR VILLEGAS-TORRES,           )       SPEEDY TRIAL ACT, 18 U.S.C. §
17                                     )       3161(h)(1)(I)
         Defendant.                    )
18 _____ )

19
         Plaintiff, United States of America, by and through its counsel of record, Assistant United
20
   States Attorney Stephen G. Corrigan, and defendant Salvador Villegas-Torres, by and through his
21
   counsel of record, Federal Public Defender Joyce Leavitt, anticipate that the defendant will enter a
22
   plea of guilty at the next scheduled court appearance under the terms of a binding written plea
23
   agreement, pursuant to Rule 11(c)(1)(C) (agreement attached as **Exhibit A**), and the parties
24
   stipulate to the continuance of the case from July 24, 2007 until October 9, 2007, and to exclude
25
   that period of time from the Speedy Trial Act calculation pursuant to 18 U.S.C. § 3161(h)(1)(I) for
26
   the delay resulting from consideration by the court of the proposed plea agreement to be entered
27
   //
28
   STIPULATION AND [PROPOSED] ORDER
   FOR CONTINUANCE AND EXCLUSION OF
   TIME UNDER THE SPEEDY TRIAL ACT
   CR 96-401491 SBA

1    into by the defendant and the attorney for the Government.

2

3    DATED: July 24, 2007                    SCOTT N. SCHOOLS
                                             United States Attorney
4

5

6                                            STEPHEN G. CORRIGAN
                                             Assistant United States Attorney
7

8    DATED: July 24, 2007
9                                            JOYCE LEAVITT
                                             Counsel for Defendant
10

11

12       Based on the reasons provided in the Stipulation of the parties above, and the proposed plea

13   agreement submitted with this pleading,

14   IT IS HEREBY ORDERED THAT the case will be continued from July 24, 2007 until October 9,

15   2007, and that time between July 24, 2007 and October 9, 2007 is excluded under the Speedy

16   Trial Act pursuant to 18 U.S.C.§§ 3161(h)(1)(I), to allow the consideration of the court of the

17   attached proposed plea agreement to be entered into by the defendant and the attorney for the

18   Government.

19

20   IT IS SO ORDERED.

21

22   DATED: July 30, 2007.
                                             SAUNDRA BROWN ARMSTRONG
23                                           United States District Judge

24

25

26

27

28   STIPULATION AND [PROPOSED] ORDER
     FOR CONTINUANCE AND EXCLUSION OF
     TIME UNDER THE SPEEDY TRIAL ACT
     CR 96-401491 SBA                        2

Exhibit A

1   SCOTT N. SCHOOLS (SC 9990)
    United States Attorney

2

    W. DOUGLAS SPRAGUE (CASBN 202121)
3   Chief, Criminal Division

4   STEPHEN G. CORRIGAN (MASBN 100560)
    Assistant United States Attorneys

5

    1301 Clay Street, Suite 340S
6   Oakland, California 94612
    Telephone: (510) 637-3701
7   Facsimile: (510) 637-3724
    E-Mail: stephen.corrigan@usdoj.gov

8

    Attorneys for the United States of America
9

10                   UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                     OAKLAND DIVISION

13   UNITED STATES OF AMERICA,    )   No. 96 40149 SBA
                          )
14       Plaintiff,             )
                          )
15          v.              )   PLEA AGREEMENT
                          )
16   SALVADOR VILLEGAS-TORRES,    )
                          )
17       Defendant.          )
                          )
18

19         I, Salvador Villegas-Torres, and the United States Attorney's Office for the Northern

20   District of California (hereafter "the government") enter into this written plea agreement (the

21   "Agreement") pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

22   <u>The Defendant's Promises</u>

23       1.     I agree to plead guilty to count one of the captioned indictment charging me with

24   failure to file report on the exportation of more than $10,000 in U.S. currency, in violation of 31

25   U.S.C. § 5316(a)(1)(A). I agree that the elements of the offense are as follows: (1) I knowingly

26   attempted to transport more than $10,000 in U.S. currency from a place in the United States to a

27   place outside the United States; (2) I knew that a report of the amount transported was required to

28   be filed with the Secretary of Treasury; and (3) I willfully failed to file such report.


    PLEA AGREEMENT

1     I agree that the maximum penalties are as follows:

2         a.     Maximum prison sentence        5 years

3         b.     Maximum fine              $250,000

4         c.     Supervised release term        3 year

5     I understand that deportation is another possible consequence of guilty plea

6     2.     I agree that I am guilty of the offense to which I will plead guilty, and I agree

7  that the following facts are true: On September 4, 1996, I planned to travel from Oakland,

8  California, to Mexico, by plane with $100,385 in United States currency hidden under my

9  clothing, strapped to my waist and my legs. I am aware from prior travel that any passenger

10  traveling with currency in an amount greater than $10,000 is required to complete a report to be

11  filed with the Secretary of the Treasury, reporting the amount of currency and other facts.  I

12  knowingly and intentionally failed to file the report. After handing over my plane ticket in

13  anticipation of boarding the airplane, I was questioned by a law enforcement officer, pat-

14  searched, and taken to a room in the airport where $100,385 in U.S. currency was seized from

15  me.

16     3.     I agree to give up all rights that I would have if I chose to proceed to trial,

17  including the rights to a jury trial with the assistance of an attorney; to confront and

18  cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or

19  raise any other Fourth or Fifth Amendment claims; to any further discovery from the government

20     4.     I agree to give up my right to appeal my conviction, the judgment, and orders

21  of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence,

22  including any orders relating to forfeiture and/or restitution.

23     5.     I agree not to file any collateral attack on my conviction or sentence, including

24  a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any

25  time in the future after I am sentenced, except for a claim that my constitutional right to the

26  effective assistance of counsel was violated.

27     6.     I agree not to ask the Court to withdraw my guilty plea at any time after it is

28  entered, unless the Court declines to accept the sentence agreed to by the parties. I agree that the

PLEA AGREEMENT            2

1  government may withdraw from this Agreement if the Court does not accept the agreed upon

2  sentence set out below. I agree that if the Court does not accept the agreed upon sentence set out

3  below, the statute of limitations shall be tolled from the date I signed the plea agreement until the

4  date the Court does not accept the plea agreement.

5      7.    I agree that my sentence should be calculated pursuant to the Sentencing

6  Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult

7  those Guidelines and take them into account when sentencing, together with the factors set forth

8  in 18 U.S.C. § 3553(a). I also agree that the Sentencing Guidelines range will be calculated as

9  follows, based upon the guidelines that applied at the time I committed the offense, and that I

10  will not ask for any other adjustment to or reduction in the offense level or for a downward

11  departure from the Guidelines range:

12          a.    Base Offense Level, U.S.S.G. § 2S1.3(a):        6

13          b.    Specific Offense Characteristics        +6
14              U.S.S.G.§ 2F1.1(b)(1)(G) ( More than $70,000):

15          c.    Obstruction of Justice, U.S.S.G. § 3C1.1:        +2
16              (Knowingly failing to appear in Court on October 29, 1996
            as ordered by the court)

17          d.    Acceptance of Responsibility:  If I meet the requirements of    -2
            U.S.S.G. § 3E1.1, I may be entitled to a two level reduction for
18              acceptance of responsibility, provided that I forthrightly admit
            my guilt, cooperate with the Court and the Probation Office in
19              any presentence investigation ordered by the Court, and
            continue to manifest an acceptance of responsibility through
20              and including the time of sentencing.

21          e.    Adjusted offense level:        12

22      8.    I agree that a reasonable and appropriate disposition of this case is as follows: a

23  sentence in the middle of the applicable guideline range for Sentencing Guideline level 12; 3

24  years of supervised release (with conditions to be fixed by the Court); no fine; no restitution; and

25  $100 special assessment. The parties have not agreed on the Criminal History category.

26  I agree to forfeit any right to or interest in the $100,385 seized from me upon my arrest on

27  September 4, 1996. I agree that I will make a good faith effort to pay any fine, forfeiture or

28  restitution I am ordered to pay. Before or after sentencing, I will, upon request of the Court, the

government, or the U.S. Probation Office, provide accurate and complete financial information,

PLEA AGREEMENT        3

1   submit sworn statements and give depositions under oath concerning my assets and my ability to
2   pay, surrender assets I obtained as a result of my crimes, and release funds and property under my
3   control in order to pay any fine, forfeiture, or restitution. I agree to pay the special assessment at
4   the time of sentencing.

5        9.    I agree not to commit or attempt to commit any crimes before sentence is imposed
6   or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial
7   release (if any); not to intentionally provide false information to the Court, the Probation Office,
8   Pretrial Services, or the government; and not to fail to comply with any of the other promises I
9   have made in this Agreement. I agree that, if I fail to comply with any promises I have made in
10  this Agreement, then the government will be released from all of its promises in this Agreement,
11  including those set forth in paragraphs 12 through 14 below, but I will not be released from my
12  guilty plea.

13       10.   I agree that this Agreement contains all of the promises and agreements between
14  the government and me, and I will not claim otherwise in the future.

15       11.   I agree that this Agreement binds the U.S. Attorney's Office for the Northern
16  District of California only, and does not bind any other federal, state, or local agency.

17  The Government's Promises

18       12.   The government agrees to move to dismiss open charges pending against the
19  defendant in the captioned indictment at the time of sentencing.

20       13.   The government agrees not to file any additional charges against the defendant
21  that could be filed as a result of the investigation that led to the captioned indictment.

22       14.   The government agrees that the reasonable and appropriate sentence in this case
23  should be as set forth in paragraph 8 above, unless the defendant violates the Agreement as set
24  forth in paragraphs 8 through 9 above or fails to accept responsibility.

25  The Defendant's Affirmations

26       15.   I confirm that I have had adequate time to discuss this case, the evidence, and this
27  Agreement with my attorney, and that she has provided me with all the legal advice that I
28  requested.

PLEA AGREEMENT                          4

1    16.    I confirm that while I considered signing this Agreement, and at the time I signed

2  it, I was not under the influence of any alcohol, drug, or medicine.

3    17.    I confirm that my decision to enter a guilty plea is made knowing the charges that

4  have been brought against me, any possible defenses, and the benefits and possible detriments of

5  proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no

6  one coerced or threatened me to enter into this Agreement.

7    18.    I confirm that I read this entire plea agreement with the assistance of an interpreter

8  and in the presence of my attorney.

9

10

11  Dated: _____

                                        SALVADOR VILLEGAS-TORRES
12                                      Defendant

13

                                        SCOTT N. SCHOOLS
14                                      United States Attorney

15

16  Dated: _____

                                        STEPHEN G. CORRIGAN
17                                      Assistant United States Attorney

18

19    I have fully explained to my client all the rights that a criminal defendant has and all the

20  terms of this Agreement. In my opinion, my client understands all the terms of this Agreement

21  and all the rights he is giving up by pleading guilty, and, based on the information now known to

22  //

23  me, his decision to plead guilty is knowing and voluntary.

24

25  Dated: _____

                                        JOYCE LEAVITT
26                                      Attorney for Defendant

27

                         INTERPRETER CERTIFICATION
28

    I, _____, hereby certify that I am a certified Spanish language

    PLEA AGREEMENT                       5

1   interpreter and that I accurately translated this plea agreement to the defendant, s/he told me that

2   s/he understood it, and I believe his/her answer was true and correct.

3

4   Dated: _____

                                       Interpreter's signature

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT                        6

**Other Documents**
4:96-cr-40149-SBA USA v. Villegas-Torres
E-Filing, ICMS

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at for more information.

The following transaction was received from by Corrigan, Stephen entered on 7/31/2007 1:57 PM and filed on 7/31/2007
**Case Name:**        USA v. Villegas-Torres
**Case Number:**    4:96-cr-40149
**Filer:**                 USA
**Document Number:** 41

**Docket Text:**
STIPULATION by USA as to Salvador Villegas-Torres (Attachments: # (1) Exhibit)(Corrigan, Stephen) (Filed on 7/31/2007)

**4:96-cr-40149-1 Notice has been electronically mailed to:**

Stephen George Corrigan    stephen.corrigan@usdoj.gov, Cynthia.Daniel@usdoj.gov

Joyce Leavitt    joyce_leavitt@fd.org, canok_ecf@fd.org, marilee_barbeau@fd.org

**4:96-cr-40149-1 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**N:\cdaniel\villega.torres.oct stipu.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=7/31/2007] [FileNumber=3636939-0]